UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE PACA TRUST CREDITORS OF LENNY
PERRY'S PRODUCE, INC.,

                        Plaintiffs,
    v.                                          **DECISION AND ORDER**
                                                             16-MC-4S
GENECCO PRODUCE INC. and
DAVID GENECCO,

                        Defendants.

1.    Presently before this Court are the parties' respective objections to the December 28, 2015 Report and Recommendation of the Honorable Michael J. Kaplan, United States Bankruptcy Court, which recommended granting summary judgment to Plaintiffs in the form of a monetary judgment to be subsequently calculated. Having reviewed the Report and Recommendation *de novo* after considering the Objections and the parties' submissions, see 28 U.S.C. Section 157(c)(1), as well as upon review of Judge Kaplan's prior Reports and Recommendations in this case, this Court concurs with Judge Kaplan's findings and recommendations.

2.    Plaintiffs, the PACA Trust Creditors of Lenny Perry's Produce, Inc., commenced this adversary proceeding in Bankruptcy Court in November 2009 seeking, among other things, to collect $204,774.88 Defendant Genecco Produce Inc. ("GPI") owed to Debtor Lenny Perry's Produce, Inc., ("Lenny Perry") for numerous produce purchases from September 2005 to October 2008. (Bkcy. Docket No. 09-AP-10297 No. 1.) Debtor Lenny Perry and Defendant GPI both engaged in the buying and selling of produce, therefore issues raised in the present proceedings implicate the Perishable

Agricultural Commodities Act of 1930, 7 U.S.C. § 499a et. seq. ("PACA"). As noted in this Court's earlier related decisions, in light of the time sensitive and unsecured nature of agricultural commodities sales, Congress enacted PACA to protect produce sellers in the event of a buyer's default by creating a trust in the sellers' favor. Accordingly, following Lenny Perry's Chapter 7 bankruptcy filing in January 2009, the Debtor's PACA creditors moved in Bankruptcy Court for the establishment of a procedure by which to handle their claims that, pursuant to PACA, were entitled to priority over all other creditors, including secured creditors. See 7 U.S.C. § 499e(c) (1). For purposes of this Order, familiarity with the factual and procedural background of the case is assumed.

3. Bankruptcy Judge Kaplan issued the Report and Recommendation in response to this Court's request for further clarification as to two issues: (1) whether Plaintiffs stand in the Debtor's shoes with respect to Defendants' alleged debts, and (2) whether the money judgment in Plaintiffs' favor should be issued against Defendant David Genecco in addition to Defendant GPI. The Report and Recommendation satisfies each of these questions, answering both in the negative. Judge Kaplan recommends that, because Plaintiffs do not stand in the shoes of Debtor as to the amounts that Defendants owe to the Plaintiffs as holders of the trust, there cannot be the 100% offset of debt that Defendants seek but, Defendants are entitled to a *pro rata* offset as co-beneficiaries of the trust. He further recommends that, because Plaintiffs have not shown that GPI is unable to pay the judgment in full, the judgment should not yet issue against Mr. Genecco.

4. Plaintiffs make a limited Objection, arguing that Defendants should not be entitled to even a *pro rata* offset because they failed to make a PACA claim during the

claims period.  This Court disagrees.  While this Court does not seek to reward Defendants for their failure to comply with the PACA claims process, it is appropriate in this case that they be treated similarly to other PACA creditors.  This best furthers the policies of PACA, under which all the Debtor's suppliers should be able to share *pro rata* in any recovery.  See 7 U.S.C. § 499e(c) (1).  Further, and particularly in light of the novelty of the legal issues presented, it seems that Defendants had a good faith basis for pursuing their claims through a bankruptcy offset rather than through the PACA claims process.  As Judge Kaplan noted, Defendants raised their defense of offset even before the PACA Claims Procedure was established.

5. As to Defendants' Objections, Defendants concede that a setoff requires a mutuality of obligations.  Plaintiffs' claims have priority status under PACA; Defendants claims are therefore mutual only to the extent Defendants are co-beneficiaries to the PACA trust.  And, to the extent that they are co-beneficiaries, Plaintiffs and Defendants owe one another a fiduciary duty to take no more than their *pro rata* share of trust assets.  See e.g., H.C. Schmieding Produce Co. v. Alfa Quality Produce, Inc., 597 F. Supp. 2d 313, 318 (E.D.N.Y. 2009).  Thus, while Defendants are permitted a setoff of their obligation to the PACA trust, that obligation can only be set off by Defendant's *pro rata* share of PACA trust assets, as that is the actual amount owed to Defendants from the trust.

6. This Court has considered the remainder of the parties' Objections and finds them unpersuasive.  Accordingly, the Objections are denied, and the Report and Recommendation is accepted in its entirety, including the authorities cited and the reasons given therein.

IT HEREBY IS ORDERED, that the Report and Recommendation is ACCEPTED.

FURTHER, that the parties' Objections are DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: June 6, 2017
Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge